IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY STEPHEN CHOICE, 1532249, ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-1766-K |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his two convictions for aggravated robbery with a deadly weapon. *State of Texas v. Anthony Stephen Choice*, Nos. F06-67956-Q and F06-67957-Q (204th Jud. Dist. Ct., Dallas County, Tex., May 9, 2007). Petitioner was sentenced to fifteen years imprisonment for both cases, to run concurrently. On September 27, 2007, the trial court granted Petitioner's motion for new trial. On August 7, 2008, the Fifth District Court of Appeals vacated the trial court's order and reinstated Petitioner's convictions. *State v. Choice*, 319 S.W.3d 22 (Tex. App. – Dallas 2008, no pet.). On June 28, 2010, the Fifth District Court of Appeals affirmed Petitioner's convictions. *State v. Choice*, Nos. 05-09-00569-CR and 05-09-00570-CR. (Tex.

App. – Dallas, no pet.)  The Court of Criminal Appeals granted Petitioner an extension of time, until September 27, 2010, to file a petition for discretionary review ("PDR").  Petitioner failed to file a PDR.

On February 16, 2011, Petitioner filed state habeas petitions challenging his convictions. *Ex parte Choice*, Nos. 75,900-01, -02.  On June 8, 2011, the Texas Court of Criminal Appeals denied the petitions without written order.

On May 28, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He argues:

1. He received ineffective assistance of counsel when counsel:

    (A)  failed to object to witness testimony;

    (B)  failed to sufficiently meet with Petitioner;

    (C)   failed to request a bench trial;

    (D)  failed to request a lesser-included offense instruction;

    (E)  failed to raise the issue of Petitioner's mental illness;

    (F)  failed to investigate and present mitigating evidence;

    (G)  failed to investigate and call witnesses;

    (H)  failed to object to the "show-up" identification and the photo line-up; and

2. The jury was biased against Petitioner because counsel allowed Petitioner to go to trial wearing short-sleeves.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

On June 28, 2010, the Fifth District Court of Appeals affirmed Petitioner's convictions and sentences. Petitioner filed a motion for extension to file his PDR, and the Court of Criminal Appeals granted him until September 27, 2010, to file the PDR. Petitioner failed to file a PDR. His conviction therefore became final on September 27, 2010. *See Gonzales v. Thaler*, __ U.S.

---

[1] The statute provides that the limitations period shall run from the latest of--

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**           Page -3-

__, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same). Petitioner then had one year, or until September 27, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 16, 2011, Petitioner filed a state petition for writ of habeas corpus. This petition tolled the limitations period, for 112 days, until it was denied on June 8, 2011. When 112 days were added to the September 27, 2011, deadline, the new limitations date became January 17, 2012. Petitioner did not file his federal petition until May 28, 2012. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues his conviction did not become final until the Texas Court of

Criminal Appeals ruled on his state habeas petition. Pursuant to 28 U.S.C. § 2244(d)(1)(A), however, the statute of limitations begins to run at the conclusion of direct review, not collateral review. Additionally, ignorance of the law does not entitle a petitioner to equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26th day of July, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).